# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HEATHER FARR, | No. 4:18-CV-00706 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| NORTHRUP QUARRY, *et al.*, | |
| Defendants. | |

## ORDER

**MAY 15, 2019**

On February 20, 2018, Heather Farr initiated the above-captioned action in the Lackawanna County Court of Common Pleas against the United States Armed Forces, the United States Department of Defense, and numerous non-government defendants. The case was removed to this Court on March 30, 2018.

Ms. Farr's complaint alleges that her husband, Timothy Farr, was killed while operating a cargo truck, and seeks to hold defendants liable for Mr. Farr's death under various tort theories. On March 6, 2019, the Government defendants moved to dismiss that complaint, arguing that Ms. Farr's claims are barred by the relevant statute of limitations. This Court agrees with the Government defendants and will grant their motion to dismiss.

Ms. Farr's claims are governed by the Federal Tort Claims Act ("FTCA"), which states that:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency, within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.[1]

The complaint alleges that Mr. Farr's fatal accident occurred in September 2013.[2] Ms. Farr presented her administrative claim to the Government in April 2015, within the two-year administrative time limit described above. In June 2016, the Government sent Ms. Farr a certified letter indicating that it was denying her claim but that, consistent with the FTCA, Ms. Farr could "file suit in an appropriate United States District Court no later than six months from the date of the mailing of this letter."[3] That six-month deadline expired in December 2016, long before this lawsuit was filed in February 2018.

Ms. Farr does not contest any of the above dates. Instead, she points to another provision of the FTCA, which states that:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.[4]

Pointing to the statutory language allowing a claimant to treat a lack of response as a final denial at "any time," Ms. Farr argues that the Government's failure to act on

---

[1] 28 U.S.C. § 2401(b).

[2] Complaint (ECF No. 1-1) ¶ 22.

[3] ECF No. 40, Ex. B.

[4] 28 U.S.C. § 2675(a).

her administrative claim within six months allows her to extend the statute of limitations into perpetuity.

This Court disagrees with Ms. Farr's interpretation of the FTCA. Reading the "any time" language to create, in essence, a statute *without* limitations would render superfluous the language "forever barr[ing]" her tort claim for failure to follow the two-year and six-month time limits.[5] And there is an alternate, reasonable reading that harmonizes the two provisions: claimants may file suit any time between (1) six months after filing the administrative claim, if the Government has not acted, and (2) six months after the Government denies the claim.

Because Ms. Farr's claims against the Government are untimely, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Dismiss, ECF No. 38, is **GRANTED**.

2. All claims against the United States Armed Forces and the United States Department of Defense are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[5] *See Langbord v. United States Department of Treasury*, 832 F.3d 170, 182 (3d Cir. 2016) (discussing the canon against surplusage).