IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER FARR, *Individually and on Behalf of the Estate of Timothy John Farr, Deceased*, | : Civil No. 4:18-CV-00706 :  : :  : |
| Plaintiff, | : : |
| v. | : Judge Jennifer P. Wilson : |
| NORTHRUP QUARRY, *et al.*, | : : |
| Defendants. | : Magistrate Judge William I. Arbuckle |

### MEMORANDUM

This is a tort action brought under Pennsylvania law arising from the death of Timothy John Farr ("Decedent"). The case is presently before the court on a motion for summary judgment filed by Defendant Jan God; a motion to withdraw as counsel filed by Jan God's attorney; a report and recommendation issued by United States Magistrate Judge William I. Arbuckle, which recommends granting both motions; and objections to the report and recommendation filed by Plaintiff Heather Farr ("Plaintiff"). For the reason that follow, Judge Arbuckle's report and recommendation is adopted in part and rejected in part, Defendant Jan God's motion for summary judgment is denied, and Attorney Luther's motion to withdraw as counsel for Jan God is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this case in Pennsylvania state court in the Lackawanna County Court of Common Pleas on February 20, 2018, through the filing of a

1

complaint on behalf of herself and the estate of the Decedent. (Doc. 1-1.) The complaint alleged generally that Decedent died after a vehicle he was driving rolled over on its roof, and raised causes of action against various defendants for negligence, products liability, wrongful death, survival, and loss of consortium. (Doc. 1-1.)

The case was removed to this district under 28 U.S.C. § 1442(a)(1) on March 30, 2018. (Doc. 1.) On May 15, 2019, United States District Judge Matthew W. Brann dismissed all claims against the United States Armed Forces and the United States Department of Defense. (Doc. 44.) The case was reassigned to the undersigned pursuant to a verbal order on November 25, 2019.

On February 3, 2020, Attorney Frederick C. Luther filed a motion to withdraw as counsel for Defendant Jan God. (Doc. 57.) On February 27, 2020, Jan God moved for summary judgment. (Doc. 69.) The court then referred the case to Judge Arbuckle for all pretrial management on March 2, 2020. (Doc. 72.) Judge Arbuckle issued a report and recommendation on October 23, 2020, which recommends that the motion for summary judgment and the motion to withdraw as counsel be granted. (Doc. 119.) Plaintiff objected to the report and recommendation on November 6, 2020, and Jan God filed a response to the objections on November 20, 2020. (Docs. 133, 136.) Neither party has filed a reply brief, and the deadline for doing so has expired. The report and

recommendation is accordingly ripe for the court's disposition.  Several other motions are also pending, but none of them are presently before the court.  (*See* Docs. 63, 88, 105–06.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1442(a)(1), which allows a federal officer "or any person acting under that officer" to remove a case to federal court.  28 U.S.C. § 1442(a)(1); *see also Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (holding that federal court has jurisdiction over a case properly removed under § 1442(a)(1) "regardless of whether the suit could originally have been brought in a federal court").  Here, this case was properly removed from state court under § 1442(a)(1) by Defendant AM General, LLC, and this court accordingly has subject matter jurisdiction.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further

3

instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

As noted above, the report and recommendation recommends granting both the motion for summary judgment and the motion to withdraw as counsel, and Plaintiff objects to both recommendations. The court addresses the two recommendations and the corresponding objections below.

### A. Jan God's Motion for Summary Judgment Is Denied

The court will first address Jan God's motion for summary judgment and Judge Arbuckle's recommendation that the court grant that motion. A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it

could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or

5

suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, Jan God's motion for summary judgment is based on an argument that she is entitled to immunity from Plaintiff's claims under Pennsylvania's Worker's Compensation statute because she is the owner of T.G. Mountain Stone, which was Decedent's employer at the time of his death. (*See* Doc. 70.) Pennsylvania's Worker's Compensation statute provides the exclusive remedy for an employee against his employer for any injury or death that occurs during the course of employment. 77 P.S. §§ 411(1), 481(a). In his report and recommendation, Judge Arbuckle concludes that Jan God is entitled to immunity

6

under the Worker's Compensation statute and recommends that the court grant the motion for summary judgment on that basis. (Doc. 119 at 19–31.)

Plaintiff raises three objections. First, she argues that Jan God is not entitled to immunity under the "negligent spoliation exception" to the Worker's Compensation statute, as purportedly set forth in *Minto v. J.B. Hunt Transp., Inc.*, 971 A.2d 1280 (Pa. Super. Ct. 2009). (Doc. 133 at 6–13.) Second, she argues that Jan God is not entitled to immunity because she has admitted that she was not Decedent's employer, because Jan God was an independent contractor, and because Jan God has testified that Decedent was acting outside the scope of his employment at the time of his death. (Doc. 133 at 13–16.) Finally, Plaintiff argues that there are sufficient facts to pierce T.G. Mountain Stone's corporate veil, and that based on the piercing of the corporate veil, Jan God is estopped from asserting immunity under the Worker's Compensation statute. (Doc. 133 at 16–21.)

In response to Plaintiff's objections, Jan God first argues that there is no such thing as a negligent spoliation exception to the Worker's Compensation statute, as *Minto* "made no such holding and created no such exception." (Doc. 136 at 8.) Jan God next argues that it is irrelevant whether T.G. Mountain Stone's corporate veil can be pierced because Jan God can "be held individually liable without piercing the corporate veil, if she [is] not otherwise immune" from suit. (*Id.* at 9–10.) Finally, Jan God argues that she is entitled to immunity under the

7

Worker's Compensation statute because she is the registered owner of T.G. Mountain Stone and T.G. Mountain Stone is not a separate entity from its owners. (*Id.* at 11–13.)

Having conducted a de novo review of the report and recommendation and Plaintiff's objections, the court will sustain Plaintiff's second objection and deny the motion for summary judgment because there are genuine issues of material fact as to whether Jan God was Decedent's employer and as to whether Decedent was acting in the scope of his employment at the time of his death. To begin, the question of whether a defendant qualifies as an employer under the Worker's Compensation statute is a "fact-intensive" inquiry that must be based on findings of fact. *Grimsley v. Manitowoc Co., Inc.*, 675 F. App'x 118, 120 (3d Cir. 2017). Thus, although the existence of an employment relationship may be ruled on as a matter of law, the facts underlying the employment relationship must be sufficiently clear to permit such a ruling. *Id.* at 121.

That is not the case here. There are facts in the record that could support a finding that Decedent was exclusively employed by T.G. Mountain Stone and was not employed by Jan God. Most notably, Jan God testified during her deposition that she was not Decedent's employer. (*See* God Depo. at 155:6–7, Doc. 133-2 at 156 ("I'm not his employer, no.")) Although Jan God argues that she and T.G. Mountain Stone are one and the same for purposes of immunity, *see* Doc. 136 at

8

11–13, her deposition testimony could support a contrary conclusion. Summary judgment is therefore precluded because there are genuine issues of material fact as to whether Jan God was Decedent's employer. Fed. R. Civ. P. 56(a).

Similarly, there are genuine issues of material fact as to whether Decedent was acting in the scope of his employment at the time of his death. The Worker's Compensation statute specifically provides that the statute's definition of an injury does not include "injuries sustained while the employe[e] is operating a motor vehicle provided by the employer if the employe[e] is not otherwise in the course of employment at the time of injury." 77 P.S. 411(1). Here, there is no dispute that Decedent was acting in his capacity as an employee of T.G. Mountain Stone at the time of his death, but Jan God has testified that Decedent "wasn't supposed to be driving the truck" at the time of his death. (God Depo. at 151:22–23, Doc. 133-2 at 152.) Given that testimony, the court finds that there are genuine issues of material fact as to whether Decedent was acting in the scope of his employment at the time of his death that preclude the entry of summary judgment. Accordingly, having concluded that genuine issues of material fact preclude summary judgment, the court will reject the report and recommendation to the extent that it recommends granting summary judgment and will not address the remaining objections to that recommendation.

## B. The Motion to Withdraw as Counsel Is Granted

The court will next consider the motion to withdraw as counsel filed by Jan God's attorney, Frederick C. Luther.  (*See* Doc. 57.)  Judge Arbuckle recommends that this motion be granted, *see* Doc. 119 at 31–34, but Plaintiff objects, arguing that the motion should be denied because Luther has represented Jan God for a significant amount of time, but Jan God has failed to comply with her discovery obligations during that time period.  (Doc. 133 at 22–23.)  Plaintiff also notes that she has "serious concerns" as to whether Jan God "knowingly understand[s]" what Attorney Luther's withdrawal would mean.  (*Id.* at 24.)

When considering whether to allow an attorney to withdraw his appearance, a court should consider "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 430 (D.N.J. 2018); *accord Torres v. Gautsch*, No. 1:13-CV-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014).

In this case, Judge Arbuckle thoroughly analyzed the above factors and concluded that the motion to withdraw should be granted.  (*See* Doc. 119 at 31–34.)  The court sees no reason to depart from this well-reasoned conclusion and

will accordingly adopt the report and recommendation and grant Attorney Luther's motion to withdraw as counsel for Defendant Jan God.

## CONCLUSION

For the foregoing reasons, Judge Arbuckle's report and recommendation is adopted in part and rejected in part, Defendant Jan God's motion for summary judgment is denied, and Attorney Luther's motion to withdraw as counsel for Jan God is granted.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 30, 2020