UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER FARR, *individually and as Administrator of the Estate of TIMOTHY JOHN FARR*<br>Plaintiff<br><br>v.<br><br>NORTHRUP QUARRY, *et al.,*<br>Defendants | CIVIL ACTION NO. 4:18-CV-706<br><br>(WILSON, D.J.)<br><br>(ARBUCKLE, M.J.) |

MEMORANDUM
*Motion to Withdraw as Attorney for Jack Tuttle Doc. 105*

A client's request for legal services is an essential element in the formation of an attorney-client relationship. The pending Motion to Withdraw (Doc. 105) presents the troubling and unprecedented situation of an attorney who entered his appearance for a defendant who did not make such a request and who may not have known for more than two years that he was being represented. For the reasons below, I will grant the Motion to Withdraw (Doc. 105).

I.   FACTUAL BACKGROUND

On September 17, 2015, Heather Farr ("Plaintiff") initiated this action in the Lackawanna County Court of Common Pleas by filing a Praecipe for Writ of Summons against all the named Defendants, including Defendant Jack Tuttle ("Defendant Tuttle"). (Doc. 23, p. 1). On October 7, 2015, Attorney Frederick Luther entered his appearance for Jan God and T. G. Mountain Stone and described

it as a "limited appearance . . . for the sole purpose of seeking a protective order with regard to a Writ of Summons and plaintiff seeking pretrial discovery." *Id.* at p. 9.

On September 24, 2018, after the case was removed to federal court, Attorney Luther entered his appearance for Defendant Tuttle (Doc. 17) and filed an Answer on behalf of Defendant Tuttle and other Defendants (Doc. 16). On October 14, 2020, Attorney Luther filed the present Second[1] Motion to Withdraw as Attorney for Defendant Jack Tuttle (Doc. 105) and a Brief in Support (Doc. 114). Plaintiff has filed a Brief in Opposition (Doc. 127).[2]

In his Motion, Attorney Luther describes why he entered his appearance and filed an Answer for Defendant Tuttle. He asserts that he "filed an Answer on behalf of Defendant Jack Tuttle to prevent a default judgment," (Doc. 114, p. 5), despite there being no motion for default judgment pending against Defendant Tuttle. (*See* Docs. 9-15). Attorney Luther states that he "mistakenly believed" that such a motion was pending, "based on the Motions for Default filed against other Defendants." (Doc. 114, p. 3). He also states he was "concerned that Jan God may have accepted service on behalf of Jack Tuttle." *Id.* Attorney Luther states that the case now has

---

[1] It appears that Attorney Luther's first motion to withdraw, titled a "Motion to Dismiss and to be Relieve [sic] of Counsel," was docketed as a motion to dismiss (Doc. 55). In it, Attorney Luther sought to withdraw from representing only Defendant Jan God. (Doc. 55, p. 3). Judge Wilson struck the Motion from the docket, with instructions to file a motion that complies with Local Rule 7.1. (Docs. 55, 56). The Court did not reach the merits of Attorney Luther's first motion to withdraw.
[2] Co-Defendant AM General, LLC concurs in the motion. (Doc. 105-1).

proceeded for longer that he anticipated, as he initially believed Jack Tuttle would be dismissed pursuant to the "Answer and Crossclaim for Summary Judgment" (Doc. 16) he filed in 2018.[3] He states that Defendant Tuttle cannot pay him and does not want to be represented by him.

Attorney Luther has also filed documents indicating that he did not communicate with Defendant Tuttle about representing him until seeking to withdraw from that representation in September 2020. Following a September 14, 2020 deposition and oral arguments at which Attorney Luther's desire to withdraw as counsel was discussed, the Court directed Attorney Luther to inquire with each defendant for whom he had entered an appearance as to whether the defendant consented to his withdrawal. Attorney Luther then filed a copy of a letter to Defendant Tuttle dated September 16, 2020, in which he stated the following to Defendant Tuttle:

> As you may or may not know, Heather Farr filed a lawsuit which was transferred to Federal Court of the District of the Middle District of Pennsylvania. Jan God accepted service for the both of you as well as others and herself. I entered a Notice of Appearance and an Answer with Defenses. You were [] named as defendant[] because you were part of the original fictitious name filing for TG Mountain Stone.

(Doc. 96, p. 3).

---

[3] In that filing, he requested that the case be dismissed based on immunity under the Pennsylvania Workers' Compensation Act, 77 P.S. § 481(a).

In Attorney Luther's Brief in Support (Doc. 114) of this Motion, filed October 19, 2020, he describes some of his communications with Defendant Tuttle:

> The undersigned has recently communicated with Defendant Jack Tuttle and advised him that the undersigned had been representing his interests in the pending lawsuit, but could not continue to do so without being paid.
>
> Jack Tuttle responded that he cannot afford to pay for counsel.
>
> The undersigned informed Jack Tuttle that if he could not pay the undersigned, he would need to withdraw as his counsel.
>
> When asked if Jack Tuttle consented to the withdraw, Mr. Tuttle responded "I guess so."
>
> During a phone call on October 13, 2020, Jack Tuttle told the undersigned that he did not want the undersigned to represent him.

(Doc. 114, ¶¶ 10-14).

## II.   ANALYSIS

Under the Middle District of Pennsylvania Local Rules,

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

M.D. Pa. L.R. 83.15. The decision of whether to grant leave to withdrawal in this case, in which no substitute counsel has entered an appearance, is therefore left to the sound discretion of the Court.

The resolution of this Motion to Withdraw (Doc. 105) implicates number of serious questions, including whether an attorney can represent a client without the client's knowledge or permission and whether withdrawal is permitted in such a situation. I address these questions in turn.

> A. ATTORNEY LUTHER AND DEFENDANT TUTTLE APPEAR TO LACK AN ATTORNEY-CLIENT RELATIONSHIP

Under Pennsylvania law, an implied attorney-client relationship may exist absent a fee-for-service or other express agreement. *Lefta Assocs. v. Hurley*, 902 F. Supp. 2d 559, 581 (M.D. Pa. 2012). As the Third Circuit has summarized,

> *[A]n implied attorney-client relationship is shown if* (1) *the purported client sought advice or assistance from the attorney*; (2) the assistance sought was within the attorney's professional competence; (3) the attorney expressly or impliedly agreed to provide such assistance; and (4) it is reasonable for the putative client to believe that the attorney was representing him. *Atkinson v. Haug*, 424 Pa. Super. 406, 622 A.2d 983, 986 (1993). *A request for legal services*, and an agreement to provide legal services, are *necessary elements* to form an attorney-client relationship. *Cost v. Cost*, 450 Pa. Super. 685, 677 A.2d 1250, 1254–55 (1996).

*Capitol Surgical Supplies, Inc. v. Casale*, 86 F. App'x 506, 508 (3d Cir. 2004) (emphases added). "Both the attorney and client must engage in conduct from which a contract can be implied." *United States v. Trombetta*, No. 13-227, 2015 WL 4406426, at *18 (W.D. Pa. July 20, 2015).

Here, Attorney Luther and Defendant Tuttle did not have an express retainer agreement. (*See* Doc. 96, p. 2).[4] The record indicates that the two also did not have an implied attorney-client relationship. For example, in October 2020, two years after Attorney Luther entered his appearance for Defendant Tuttle in September 2018, Attorney Luther stated that he "*recently communicated* with Defendant Tuttle and *advised him that the undersigned had been representing his interests* in the pending lawsuit." (Doc. 114, ¶ 10) (emphasis added). Attorney Luther's September 16, 2020 letter to Defendant Tuttle also begins, "*As you may or may not know*, Heather Farr filed a lawsuit . . . . Jan God accepted service for . . . you as well as others and herself. I entered a Notice of Appearance and an Answer with Defenses." (Doc. 96, p. 3) (emphasis added).

Based on these communications, it appears Defendant Tuttle was unaware that Attorney Luther entered an appearance for him or submitted court filings on his behalf until Attorney Luther sought to withdraw from that "representation" two years later. If so, then it follows that Defendant Tuttle did not "s[eek] advice or assistance from" Attorney Luther, make any "request for legal services," or enter into "an agreement [for Attorney Luther] to provide legal services." *See Capitol*

---

[4] Attorney Luther stated in an Affidavit dated September 18, 2020, filed in support of a prior motion, that "I have not been paid by . . . Jack Tuttle. I have given [him] the opportunity to retain me and [he has] not done so." (Doc. 96, p. 2).

*Surgical Supplies*, 86 F. App'x at 508 (citing *Cost*, 450 Pa. Super. at 691-92, 677 A.2d at 1254–55; *Atkinson*, 424 Pa. Super. at 412, 622 A.2d at 985).[5]

These are necessary elements in the formation of an attorney-client relationship, *see id.*, yet they appear to be lacking here. Despite this, Attorney Luther entered his appearance for Defendant Tuttle. This situation is troubling and appears to be unprecedented. I do not question Attorney Luther's integrity in entering his appearance under the circumstances, but I do question his judgment. Accordingly, because the facts before me suggest Attorney Luther and Defendant Tuttle did not enter an attorney-client relationship,[6] Attorney Luther is permitted to withdraw his entry of appearance for Defendant Tuttle.

---

[5] While not currently before the Court, I note that it is also unclear whether Defendant Tuttle was properly served. According to the Sheriff's Return, on September 30, 2015, Defendant Tuttle was served with a Writ of Summons by the Sheriff of Bradford County at the Sheriff's office. (Doc. 23, p. 21). (Doc. 90-1, pp. 42-44). However, Defendant Jan God testified at her deposition that she accepted service of the Writs of Summons at the Sheriff's office for herself as well as for Defendants T.G. Mountain Stone, Northrup Quarry, Charles Gud, and Jack Tuttle. (*See* Doc. 23, p. 21). Rule 4 of the Federal Rules of Civil Procedure provides for service upon individuals "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 402, which provides for the manner of service, does not provide for service by a party. *See* Pa. R.C.P. 402(a)(2).

[6] For purposes of the present Motion to Withdraw, it is unnecessary to conclusively decide whether an attorney-client relationship existed between Attorney Luther and Defendant Tuttle. This Order is not intended to opine on or affect the disposition of any professional malpractice or other suit that Defendant Tuttle may pursue against Attorney Luther for Attorney Luther's actions in this case.

   B.   IF AN ATTORNEY-CLIENT RELATIONSHIP EXISTS, WITHDRAWAL OF COUNSEL IS PERMITTED

Several factors guide the Court in deciding whether it should permit Attorney Luther to withdraw, including "(1) the reasons withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case." *Torres v. Gautsch*, 1:13-CV-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014) (citing *Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998)).

The Court is also guided by the Pennsylvania Rules of Professional Conduct, which this District has adopted. *See* M.D. Pa. L.R. 83.23.2. Under Pennsylvania Rule of Professional Conduct 1.16(b), an attorney may withdraw from representing a client in the following circumstances:

   (1)   withdrawal can be accomplished without material adverse effect on the interests of the client;

   . . . .

   (6)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

   (7)   other good cause for withdrawal exists.

Pa. R.P.C. 1.16(b). Unless a court orders otherwise, an attorney *must* withdraw from representation, if representation has already commenced, if "the lawyer is discharged." Pa. R.P.C. 1.16(a).

Attorney Luther argues that he should be permitted to withdraw from representing Jack Tuttle because continued representation would pose an unreasonable financial burden. (Doc. 114, p. 6). He states,

> As noted herein, the undersigned believed that he could get Jack Tuttle dismissed from the action relatively easy, as a matter of course. The litigation has now continued for well over two years since the filing of the Motion for Summary Judgment, and it is clear that the dismissal of Jack Tuttle from this action may require continued litigation and motions practice.

*Id.* at pp. 6-7. He argues that Pennsylvania Rules of Professional Conduct 1.16(b)(1), 1.16(b)(6), and 1.16(a)(3) as well as the four factors in *Torres*, 2014 WL 3368782, at *2, favor his withdrawal. (*See* Doc. 114, p. 8).

Plaintiff opposes Attorney Luther's withdrawal and requests a hearing on the Motion to "ascertain whether these Defendants knowingly and intelligently agree to the withdrawal, whether Mr. Luther's letters sent are proper to seek with withdrawal (Exhibit "A" - Doc. 96 Letters), limited inquiry to what these persons know, and what are the last known contact information for these persons." (Doc. 127, p. 3).

I find that the factors regarding withdrawal discussed in *Torres* support granting Attorney Luther leave to withdraw as counsel for Defendant Tuttle. *See*

2014 WL 3368782, at *2. Pennsylvania Rules of Professional Conduct 1.16(b)(6) and 1.16(a)(3) also support his withdrawal.

First, regarding the reasons withdrawal is sought, Attorney Luther's assertions that Defendant Tuttle cannot pay him, that Attorney Luther will suffer an unreasonable financial burden if he continues to litigate this case, and that Defendant Tuttle does not wish to have Attorney Luther represent him present reasonable reasons in favor of withdrawal. These are consistent with the Pennsylvania Rules of Professional Conduct regarding withdrawal and termination of representation. *See* Pa. R.P.C. 1.16(b)(6) (permitting withdrawal based on unreasonable financial burden), 1.16(a)(3) (requiring withdrawal if attorney discharged).

The second factor, the prejudice withdrawal may cause to litigants, also weighs in favor of permitting withdrawal. "Generally, courts find prejudice and deny counsel leave to withdraw from representation when the motion to withdraw comes at a very late stage in the litigation, placing the clients at a distinct disadvantage in finding replacement counsel and making it difficult for any replacement counsel to get up to speed on the relevant issues and history of the case." *Torres,* 2014 WL 3368782, at *2. As of the Court's most recent scheduling order, there is no trial date yet set, and fact discovery does not close until October 1, 2021. (*See* Doc. 147). Plaintiff argues that it has been difficult for her to obtain discovery and insinuates that Attorney Luther's withdrawal would compound this difficulty. While it has been

more than two years since Attorney Luther entered his appearance for Defendant Tuttle and only limited discovery has occurred in that period, it also appears that Attorney Luther was not in contact with Defendant Tuttle during much of that time, which presumably would have made it difficult for Defendant Tuttle to engage in discovery. This factor favors withdrawal.

For the same reasons discussed above, I find that the third and fourth factors, the harm withdrawal might have on the administration of justice and the degree to which withdrawal would delay the resolution of this case, *see Torres,* 2014 WL 3368782, at *2, also weigh in favor of granting Attorney Luther's motion.

III.   CONCLUSION

For the foregoing reasons, Attorney Luther's Motion to Withdraw as Attorney for Defendant Jack Tuttle (Doc. 105) is granted. An appropriate order follows.

Date: February 9, 2021                    BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge